NO. 07-09-0397-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH  10, 2011

_____

SAMMY PINEDA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-418,759; HONORABLE JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

A jury convicted Sammy Pineda of three counts of aggravated sexual assault of his stepdaughter.  He challenges those convictions by contending the trial court erred in 1) admitting hearsay evidence, and 2) denying his challenges for cause to three venire members.  We affirm the judgments.

*Issue 1 – Hearsay Evidence*

In his first issue, appellant argues that the trial court abused its discretion in admitting testimony from Patti Hensley, a school nurse to whom the victim made an

outcry, that appellant had initially denied the allegations to the child's mother but later admitted them. The issue is overruled.

We note that this same evidence came before the jury at other times without objection. For instance, the victim's mother testified that she confronted appellant about the allegations and he denied them until she brought the victim into the room, at which time he admitted touching her inappropriately. The mother also stated that appellant tried to blame the victim for his behavior. Furthermore, the victim's grandmother testified that appellant indicated to her he was guilty. So, any error in the admission of the evidence was cured when the same evidence came in elsewhere without objection. *Lane v. State,* 151 S.W.3d 188, 193 (Tex. Crim. App. 2004).

*Issues 2 – 4 - Challenges for Cause*

In his remaining issues, appellant complains of the trial court's failure to grant his challenges for cause to venire members Timothy Gore, Jeff Butler, and Shanika Johnson. We overrule the issues.

Appellant had the burden to prove that his challenges for cause were proper. *Gardner v. State,* 306 S.W.3d 274, 295 (Tex. Crim. App. 2009), *cert. denied,* __ U.S. __, 131 S.Ct. 103, 178 L.Ed.2d 64 (2010). Furthermore, if a juror cannot consider the full range of punishment, which was the alleged problem here, he is subject to removal for cause. *Standefer v. State,* 59 S.W.3d 177, 181 (Tex. Crim. App. 2001). Yet, before a potential juror can be removed or struck from the venire, the trial court must explain to him the law and ask whether he can follow it regardless of his personal views. *Feldman v. State,* 71 S.W.3d 738, 747 (Tex. Crim. App. 2002). In other words, the venire member must be able to keep an open mind with respect to punishment until he hears

the evidence. *Ladd v.* State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999). And, the mere fact that he cannot envision a scenario during voir dire in which probation, for example, would be appropriate, does not render him fatally biased. *Id.* Simply put, the venire member's position must be unequivocal for if there is vacillation or equivocation with respect to his ability to follow the law or consider the entire range of punishment, then we must defer to the trial court's judgment or discretion. *Brown v. State*, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996); *Borders v. State,* No. 02-02-0178-CR, 2003 Tex. App. LEXIS 5202, at *3 (Tex. App.–Fort Worth June 19, 2003, no pet.) (not designated for publication).

Here, Gore, Butler, and Johnson initially expressed their inability to consider probation for aggravated sexual assault. However, when the State presented Gore with a hypothetical of "consensual" sex between a perpetrator who was seventeen and an aggressive female victim who was thirteen, Gore conceded that he would "have to hear the facts" although he again stated it would be difficult to give probation. After more questioning, he stated that he could consider probation "[i]f the facts are very, very clear" and "it better be a good case." Finally, upon being asked by the court whether he would "keep an open mind until you hear all the evidence, and be able to tell us at this point in time that depending on the facts of the case that you can give some thought or consideration to the possibility of probation in addition to the penitentiary," Gore replied in the affirmative.

With respect to Johnson and Butler, they both stated at one point that the only scenario in which they could consider probation was that scenario described in the

3

State's hypothetical.[1] Butler agreed that the only way he could make a determination of whether probation was appropriate was when he heard the evidence in the case. Moreover, when the court queried whether he understood that he was being asked if there was a circumstance where he could consider probation, he stated, "Yes, there is." Johnson indicated that "something like" the hypothetical posed by the State would be something she would "consider" for probation. When she was also asked if she could think of a situation where she could consider probation as a possible punishment for the offense, she stated, "Yes, sir."

Whether the venire members in question couched their answers in relation to the State's hypothetical or not, the answers indicate that their purported inability to consider probation was not unequivocal. They could consider it if an appropropriate scenario presented itself (even though that scenario was not likely present at bar), and that was enough to insulate the trial court's decision from attack. *See Emenhiser v. State,* 196 S.W.3d 915, 928 (Tex. App.–Fort Worth 2006, pet. ref'd) (finding the trial court did not err in denying a challenge for cause when the venire member said he could not consider probation but also said he could consider probation); *Borders v. State, supra* (stating that the trial court did not err when denying the challenge because the tenor of the responses indicated that the venire member "would give probation some consideration" even though the member's comments left little hope to think that would occur in appellant's favor).

---

[1]To the extent that appellant complains that the State's hypothetical was in essence a "commitment" question, he did not object to it at trial on that basis. So, that issue was waived.

Accordingly, the judgments are affirmed.

Brian Quinn
Chief Justice

Do not publish.